**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
P. Andrew Sterling (asterling@rllaz.com)
State Bar No. 030471

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Roe Dancer, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Stetson Desert Project, LLC, an Arizona LLC d/b/a Le Girls Cabaret; Cory Anderson and Jane Roe Spouse 1, husband and wife; Cary Anderson and Jane Roe Spouse 2, husband and wife; and Doe Club Owners 1-10, | |
| Defendants. | |

For her Complaint, Plaintiff, individually and on behalf of all others similarly situated, alleges as follows:

## INTRODUCTION

1. Defendants own and operate Le Girls Gentlemen's Club, a strip club located in Phoenix, Arizona. At all relevant times, Defendants willfully have failed to pay dancers at Le Girls any wages, have required the dancers to pay substantial fees to them as a condition of employment, and have required the dancers to hand over a significant portion of the tips they earn to club managers and other employees. This system is very lucrative for Defendants because it dramatically reduces their labor costs and enables Defendants to evade their state and federal tax obligations as employers. But, though lucrative, the harm

caused by Defendants' refusal to recognize their dancers' legal status as employees is severe. Defendants' system of fees and mandatory "tip-outs" creates a realistic possibility that a dancer may finish a shift with a negative balance, owing Defendants money and taking home zero dollars. Dancers at Le Girls also are denied numerous critical benefits and protections to which they are entitled by law, such as overtime compensation, workers compensation, family and medical leave, unemployment insurance, and safe workplaces.

2. Plaintiff, a dancer at Le Girls, brings this action individually, as a collective action on behalf of all other similarly-situated individuals under Sec. 216(b) of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (the "FLSA") to remedy violations of the FLSA, and as a class action on behalf of all other similarly-situated individuals under FRCP 23 to remedy violations of the Arizona Minimum Wage Act, ARS 23-362 et seq., and Arizona common law.

**JURISDICTION, VENUE AND PARTIES**

3. This Court has jurisdiction over the subject matter of this action under section 216(b) of the FLSA and 28 U.S.C. § 1331.

4. Supplemental jurisdiction over the state law claims raised in this Complaint is authorized by 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the District of Arizona because all of the events giving rise to this suit occurred in this District.

6. Defendant Stetson Desert Project, LLC, is an Arizona LLC with its principal place of business in Arizona. Upon information and belief, Stetson Desert Project, LLC owns and operates Le Girls and does business under that name.

7. Upon information and belief, Defendant Cory Anderson is an individual who resides in Arizona and is an owner of Defendant Stetson Desert Project, LLC, and a manager of Le Girls.

2

8. Upon information and belief, Cory Anderson and Jane Roe Spouse 1 at all relevant times were husband and wife, residents of Maricopa County, and were acting for the benefit of their marital community.

9. Upon information and belief, Defendant Cary Anderson is an individual who resides in Arizona and is an owner of Defendant Stetson Desert Project, LLC, and a manager of Le Girls.

10. Upon information and belief, Cary Anderson and Jane Roe Spouse 2 at all relevant times were husband and wife, residents of Maricopa County, and were acting for the benefit of their marital community.

11. The true names and capacities of Jane Roe Spouse 1 and 2 are unknown to Plaintiff at this time. Plaintiff will amend the Complaint when the true names of these defendants are discovered.

12. The true names and capacities of Defendant Doe Club Owners 1-10 are unknown to Plaintiff at this time, but include other owners or operators of Le Girls and other individuals or entities who may be liable to Plaintiffs and the Class for the conduct described herein. Plaintiff will amend the Complaint when the true names, identities, and capacities of these defendants is discovered.

13. Plaintiff Jane Roe Dancer at all relevant times was a resident of Maricopa County, and worked at Le Girls as an exotic dancer from November 2014 through December 2015.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff brings Count One individually and as an FLSA collective action on behalf of all similarly-situated individuals who work or have worked at Le Girls as a dancer at any time in the three years prior to the filing of this Complaint and going forward until entry of final judgment in this action (the "FLSA Claimants").

15. Le Girls features over 40 dancers on 5 stages with full nudity and operates a full bar until 4am nightly. The bar sells an eclectic selection of the finest beers, wines and cocktails to club patrons. Most of these alcoholic beverages, which are regularly and

3

recurrently handled and sold by Defendants' employees, have been moved in interstate and international commerce.

16. Upon information and belief, Le Girls at all relevant times has had an annual dollar volume of business done of at least $500,000.

17. Defendant Stetson Desert Project, LLC is an employer within the meaning of the FLSA because, at all relevant times, it possessed operational control over Le Girls by, among other things, possessing the power to hire and fire dancers, supervise and control dancer work schedules and conditions of employment, determine the rate or method of payment of dancers, and performing other duties generally associated with that of an employer with regard to the dancers at Le Girls.

18. Defendant Cary Anderson is an employer within the meaning of the FLSA because, at all relevant times, he possessed operational control over Le Girls by, among other things, possessing the power to hire and fire dancers, supervise and control dancer work schedules and conditions of employment, determine the rate or method of payment of dancers, and performing other duties generally associated with that of an employer with regard to the dancers at Le Girls.

19. Defendant Cory Anderson is an employer within the meaning of the FLSA because, at all relevant times, he possessed operational control over Le Girls by, among other things, possessing the power to hire and fire dancers, supervise and control dancer work schedules and conditions of employment, determine the rate or method of payment of dancers, and performing other duties generally associated with that of an employer with regard to the dancers at Le Girls.

20. Plaintiff will be filing a consent to join this FLSA collective action forthwith.

21. Defendants willfully and for their own pecuniary benefit established and implemented an unlawful common policy or plan to not pay Plaintiff and other FLSA Claimants any wages and to extract substantial fees and other monies from them as a condition of employment.

22. Defendants' liability under the FLSA does not depend on the personal circumstances of any of the FLSA Claimants.

23. Plaintiff and all potential participants in this FLSA collective action perform the same work for Defendants and are victims of same unlawful common policy or plan.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings Counts Two and Three individually and on behalf of a class of similarly-situated individuals pursuant to FRCP 23(b)(3).

25. The statute of limitations for a wage claim under the Arizona Minimum Wage Act is three years in the case of a willful violation. ARS 23-364(H). The statute of limitations for unjust enrichment also is three years. ARS 12–543(1).

26. The proposed Rule 23(b)(3) class for Counts Two and Three (the "Arizona Class") is defined as: "All persons who work or have worked at Le Girls as a dancer at any time in the three years prior to the filing of this Complaint going forward until entry of judgment in this action."

27. The proposed Arizona Class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Defendants claim on the Le Girls website that "over 40 sexy dancers" currently work at Le Girls. The number of individuals who have worked at Le Girls during the relevant time period almost certainly numbers in the hundreds, if not more.

28. Questions of law and fact common to the class predominate over any questions solely affecting individual class members including, but not limited to, whether Defendants' policies and practices violated Arizona wage law, and whether Defendants were unjustly enriched at the expense of class members.

29. Plaintiff, like other members of the proposed Arizona Class, has been harmed in precisely the same manner by Defendants' policies and practices. Plaintiff's claim therefore is typical of the claims of the Arizona Class.

30. Plaintiff has the same interest in the outcome of the litigation as the other class members.

5

31. There are no conflicts between the Plaintiff's claims and the claims of other class members.

32. Plaintiff has retained competent counsel experienced in class action litigation, and will vigorously pursue the class claims throughout this litigation.

33. Plaintiff will fairly and adequately protect the interests of the class.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual class members may be relatively small, and so the expense and burden of individual litigation makes it difficult for members of the class to individually redress the wrongs done to them.

35. Plaintiff anticipates no difficulty in the management of this class action. Defendants' business records will facilitate identification of and notice to the class members. The issue of liability is common to all class members. Although the amount of damages may differ by individual, they are objectively ascertainable and can easily be calculated.

**FACTUAL ALLEGATIONS**

36. Defendants advertise and market Le Girls as "the #1 cabaret in Arizona for over 20 years" and claim that Le Girls "offers the most exquisite adult entertainment experience in the Phoenix Area."

37. Defendants hired Plaintiff to dance at Le Girls on or around November 29, 2014.

38. From November 2014 through December 2015, Plaintiff worked thousands of hours at Le Girls. For example, in the first week of December 2014, a typical work week for Plaintiff at Le Girls, Plaintiff worked approximately 36 hours at Le Girls over five days (Wednesday through Sunday). On Wednesday December 3, 2014, Plaintiff worked from approximately 8:15 pm until approximately 1:30 am. On Thursday December 4, 2014, Plaintiff worked from approximately 7:00 pm until approximately 2:30 am. On Friday December 5, 2014, Plaintiff worked from approximately 7:00 pm until approximately 4:30 am. On Saturday December 6, 2014, Plaintiff worked from approximately 8:30 pm until

6

approximately 4:00 am. And on Sunday December 7, 2014, Plaintiff worked from approximately 7:00 pm until approximately 1:15 am.

39. Plaintiff and other dancers, by working for Defendants at Le Girls, attracted thousands of patrons to the club. Plaintiff, along with the other dancers, thus enabled Defendants to reap substantial profits in the form of cover charges and alcohol, not to mention the fees imposed on the dancers.

40. Plaintiff and other dancers make no investment in Le Girl's facilities and equipment, whereas Defendants make a substantial investment in Le Girl's facilities and equipment.

41. Defendants provide all the risk capital for Le Girls, fund all advertising for Le Girls, and pay all rent, utilities and all other facility expenses for Le Girls.

42. Plaintiff and other dancers bear no risk of loss in the business of owning and operating Le Girls, whereas Defendants bear a substantial risk of loss in the business of owning and operating Le Girls.

43. Plaintiff and other dancers at Le Girls are not independent entrepreneurs in business for themselves, but rather are economically dependent on Defendants' business.

44. Defendants do not allow Plaintiff and other dancers to hire other people to do their work at Le Girls.

45. The work performed by Plaintiff and other dancers is an integral part of Defendants' business.

46. Plaintiff and other dancers are not required to exercise any managerial skill. Consequently, the managerial skill of Plaintiff and other dancers in no way affects her opportunity for profit or loss as a dancer.

47. Defendants heavily monitor Plaintiff and other dancers while they work at Le Girls, including dictating their appearance and interactions with customers.

48. Plaintiff and other dancers at Le Girls are Defendants' employees within the meaning of the FLSA and the Arizona Minimum Wage Act, notwithstanding any designation given to their relationship by Defendants.

7

49. Defendants are the employers of Plaintiff and other dancers at Le Girls, notwithstanding any designation given to their relationship by Defendants.

50. Defendants at no time paid any wages to any of their dancers, including Plaintiff.

51. Defendants at all relevant times required Plaintiff and other dancers as a condition of employment to pay a fee for each shift worked.

52. Defendants at all relevant times required Plaintiff and other dancers as a condition of employment to give a percentage of their tips to club managers and other employees.

53. Defendants' policies and practices of not paying Plaintiff and other dancers any wages, and of requiring Plaintiff and other dancers to pay a fee for each shift worked, and to share their tips with club managers and other employees, was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA and Arizona wage laws.

54. Defendants' conduct, as herein alleged, constitutes willful violation of the FLSA and the Arizona Minimum Wage Act.

**COUNT ONE**

**FAILURE TO PAY MINIMUM WAGE (FLSA)**

55. Defendants' strip club is an enterprise covered by the FLSA because it has an annual gross volume of business done of more than $500,000 and more than two employees that handle and sell goods that have been moved in interstate commerce See 29 U.S.C. §§ 203(s)(1) and 206(a).

56. The FLSA broadly defines "employer" to "include[ ] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

57. Individuals with operational control of an entity's covered enterprise is an employer along with the entity, and are jointly and severally liable under the FLSA for unpaid wages. *See Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009); *Donovan v.*

8

*Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) (collecting cases).

58. At all relevant times, each Defendant was and is the employer of the dancers at Le Girls within the meaning of the FLSA, including Plaintiff and the FLSA Claimants.

59. Many federal courts have addressed the question of whether a nude dancer is an employee under the FLSA, and "[w]ithout exception, these courts have found an employment relationship and required the nightclub to pay its dancers a minimum wage." *Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (internal quotation omitted) (collecting cases).

60. At all relevant times, the dancers at Le Girls, including Plaintiff and the FLSA Claimants, were and are the employees of each Defendant within the meaning of the FLSA.

61. The FLSA requires employers to pay a minimum hourly wage to covered employees. 29 U.S.C. § 206.

62. Defendants' failure to pay any wages at any time to Plaintiff or the FLSA Claimants violates sec. 206(a) of the FLSA.

63. Plaintiff and the FLSA Claimants are entitled under sec. 216(b) of the FLSA to damages in the amount of the federally-mandated minimum wage for each hour worked, and to an additional amount equal to all of their unpaid wages as liquidated damages.

64. Plaintiff and the FLSA Claimants are entitled to recover their attorney's fees and costs under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Claimants, requests the following relief:

    a. Damages for all unpaid wages at the applicable rate under federal law in an amount to be proven at trial;

    b. Liquidated damages in an amount equal to their unpaid wages;

    c. Pre and post-judgment interest on all unpaid wages;

    d. Reasonable attorney's fees, costs and expenses; and

    e. Such other and further relief as the Court may deem appropriate.

9

## COUNT TWO

## FAILURE TO PAY MINIMUM WAGE (ARS 23-364)

65. The Arizona Minimum Wage Act, ARS 23-362-365, applies to all employers except the State of Arizona, the United States, and small businesses that are not subject to the Federal Fair Labor Standards Act and which have less than $500,000 in gross annual revenue. ARS 23-362(B).

66. The Arizona Minimum Wage Act broadly defines "employer" to include "any individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." ARS 23-362(B).

67. At all relevant times, each Defendant was the employer of Plaintiff and the Arizona Class within the meaning of the Arizona Minimum Wage Act.

68. At all relevant times, Plaintiff and the Arizona Class were the employees of each Defendant within the meaning of the Arizona Minimum Wage Act.

69. The Arizona Minimum Wage Act requires employers to pay a minimum hourly wage to covered employees. ARS 23-363.

70. Defendants' failure to pay any wages at any time to Plaintiff and the Arizona Class violates the Arizona Minimum Wage Act.

71. "No verbal or written agreement or employment contract may waive any rights under [the Minimum Wage Act]." ARS 23-364(H).

72. "Any employer who fails to pay the wages required under this article shall be required to pay the employee the balance of the wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages." ARS 23-364(G).

73. Plaintiff and the Arizona Class are entitled to recover their attorney's fees and costs under ARS 23-364(G).

WHEREFORE, Plaintiff, individually and on behalf of the Arizona Class, requests the following relief:

    a. Damages for all unpaid wages at the applicable rate under Arizona law in an amount to be proven at trial;

    b.    Liquidated damages in an amount equal to twice the unpaid wages;

    c.    Pre and post-judgment interest on all unpaid wages;

    d.    Reasonable attorney's fees, costs and expenses; and

    e.    Such other and further relief as the Court may deem appropriate.

## COUNT THREE

## UNJUST ENRICHMENT

74.    Under ARS 23-202, it is unlawful for an employer to demand or receive a fee as the price or condition of employment.

75.    Defendants have been unjustly enriched, and Plaintiffs and the Arizona Class have been unjustly impoverished by Defendants' policy and practice of demanding and receiving a fee from dancers as the price or condition of employment.

76.    Defendants have been unjustly enriched, and Plaintiffs and the Arizona Class have been unjustly impoverished by Defendants' policy and practice of requiring dancers, as the price or condition of employment, to give a percentage of their tips to club managers and other employees

77.    It would be unjust for Defendants to retain these benefits received without compensating Plaintiffs and the Arizona Class.

WHEREFORE, Plaintiff, individually and on behalf of the Arizona Class, requests the following relief:

    a.    Restitution of all money paid by Plaintiffs and the Arizona Class to Defendants in an amount to be proven at trial; and

    b.    Restitution of all money Defendants required Plaintiffs and the Arizona Class to Defendants to give to club managers and other employees in an amount to be proven at trial;

    c.    Such other and further relief as the Court may deem appropriate.

## REQUEST FOR JURY TRIAL

78.    Plaintiffs request a trial by jury on any issue triable of right by a jury.

**REQUEST FOR CLASS ACTION CERTIFICATION**

79. Plaintiff requests that the Court certify this action as a class action pursuant to FRCP 23(b)(3) and designate Plaintiff as class representative and their counsel as class counsel.

DATED: February 12, 2016.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

**/s/ P. Andrew Sterling**
P. Andrew Sterling
*Attorneys for Plaintiff*